IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

BARBRA WILSON                                                    PLAINTIFF

V.                                NO. 3:11-CV-00074-JWC

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration                                    DEFENDANT

MEMORANDUM OPINION AND ORDER

Plaintiff, Barbra Wilson, seeks judicial review of her claim for supplemental security insurance (SSI). [1] Judicial review of the Commissioner's denial of benefits examines whether the decision is based on legal error and whether the findings of fact are supported by substantial evidence in the record as a whole. *Wiese v. Astrue*, 552 F.3d 728, 730 (8th Cir. 2009); see 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "less than a preponderance but is enough that a reasonable mind would find it adequate to support the conclusion." *Wiese*, 552 F.3d at 730. In its review, the Court must consider evidence supporting the Commissioner's decision as well as evidence detracting from it. Id. That the Court would have reached a different conclusion is not a sufficient basis for reversal; rather, if it is possible to draw two inconsistent conclusions from the evidence and one of these conclusions represents the Commissioner's findings, the denial of benefits must be

---

[1] The parties have consented to the Magistrate Judge's jurisdiction. (doc. 5)

affirmed.  Id.

An Administrative Law Judge (ALJ) held a video hearing on April 5, 2010, and rendered an unfavorable opinion on May 21, 2010.  The Appeals Council denied Plaintiff's request for review on April 5, 2011, rendering the ALJ's opinion the final opinion of the Commissioner.

Plaintiff was fifty-two years of age at the time of the ALJ's decision. She has a GED.  She has not had any past relevant work for the past fifteen years.  Plaintiff alleges that she has been disabled since July 1, 1997, due to fibromyalgia, anxiety and depression.  She has a protective filing date of June 12, 2008.

To evaluate Plaintiff's claim, the ALJ followed the five-step sequential process.  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 12, 2008, her protective filing date.  At step two, he found the medical evidence established that Plaintiff suffered from the following severe impairments: depression, anxiety and fibromyalgia.  At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the listings).  At step four, he evaluated Plaintiff's credibility, finding that her subjective complaints were not fully credible.  He concluded that Plaintiff had the Residual Functional Capacity (RFC):

> . . . to lift and/or carry twenty pounds occasionally and ten pounds

frequently. The claimant can stand and/or walk for about six hours in an eight hour workday and sit for about six hours in an eight hour workday.[2] The claimant can perform work where interpersonal contact is incidental to work performed and complexity of tasks is learned and performed by rote with few variables and little judgment. The claimant requires supervision which is simple, direct, and concrete. (Tr 13)

The ALJ continued to step five of the analysis. A vocational expert testified that given Plaintiff's RFC and considering all other relevant factors, she would be able to perform the requirements of representative occupations such as an assembly line worker under a light classification, and that there were a significant number of such jobs nationally, regionally and in Arkansas. The ALJ accepted this testimony and thus found Plaintiff was not disabled.

Plaintiff argues in essence that the ALJ's credibility determination was flawed, which led to a faulty RFC determination. The ALJ's hypothetical question to the VE included a full range of light work, with the limitations noted above. Therefore, Plaintiff argues, the final conclusion is not supported by substantial evidence, because the hypothetical question did not "capture the concrete consequences" of Plaintiff's impairments. One important aspect of her argument is that the finding Plaintiff is able to physically perform the full range of light work is not supported by substantial evidence. The Court agrees with that aspect of the argument and remands for further development and a re-examination of Plaintiff's

---

[2] These physical parameters correspond to a full range of light work.

credibility in light of additional evidence to be obtained regarding her physical capabilities and extent of pain and fatigue.

The ALJ did a thorough job of analyzing the evidence relating to Plaintiff's depression and anxiety. However, his credibility analysis included very little discussion of the medical evidence relating to Plaintiff's alleged fibromyalgia. He stated only:

> The objective medical evidence does not support the claimant's alleged severity of her physical complaints. A state agency medical consultant reviewed the claimant's records on July 22, 2008 to determine her physical residual functional capacity (8F). It was found the claimant could occasionally lift and/or carry twenty pounds and frequently lift and/or carry ten pounds. Also, it was found that the claimant could stand and/or walk for about six hours in an eight hour workday and sit for about six hours in an eight hour workday. No other limitations were found. Another state agency medical consultant reviewed the claimant's records on January 8, 2009 and affirmed these findings (14F). These findings are given significant weight as they are consistent with the objective medical evidence. [3]

In making these findings, he determined that the Plaintiff's testimony regarding her pain and fatigue was not wholly credible. He did not explain why he thought the objective medical evidence does not support Plaintiff's complaints, nor did he discuss how the non-examining agency physicians' findings are consistent with the objective medical evidence. As Plaintiff points out, the Eighth Circuit has said that opinions of non-examining physicians generally do not constitute

---

[3] Tr. 15.

substantial evidence. *Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir. 2000). While it may be argued that the Eighth Circuit in later cases has considered such opinions as substantial where the medical and other evidence overall supports them, there is no evidence in Plaintiff's records other than the above mentioned opinions indicating Plaintiff's functional ability. That is, no treating or examining physician has addressed her ability to lift, sit or stand. Nor can it be said that the records demonstrate the validity of the agency physician's conclusions. Plaintiff has been under a diagnosis of fibromyalgia since at least 2000. She went to the doctors numerous times in the following years complaining of pain and fatigue. As Plaintiff argues, Dr. Terry D. Hunt has repeatedly noted the presence of "trigger points." Plaintiff has been prescribed strong pain medication on a long-term basis, and the Court does not find any mention in the record that any doctor considered her to be a malingerer or drug seeker. Further, Dr. Hunt has said she is unable to work because of her pain and resulting depression.[4] Given the overall medical record, Plaintiff is entitled to be sent for a consultative physical examination to attempt to determine her functional limitations due to pain and fatigue arising from her fibromyalgia. While it is admittedly difficult to assess pain, the opinion of a

---

[4] Tr. 167. Plaintiff complains that the ALJ has ignored this opinion. He did not mention it. There may be good reasons to discount the opinion, *See, Halverson v. Astrue*, 600 F.3d 922, 930 (8th Cir. 2010), but it is axiomatic that the ALJ must give good reasons for doing so. This must be addressed on remand.

consulting physician, who has a chance to observe the patient, certainly bears more weight than that of a doctor who has never seen the patient and is relying solely on records. When the consultation has been completed, the ALJ should reevaluate the entire record, including Dr. Hunt's opinion, to determine credibility and RFC and to proceed accordingly.

The Court is not finding that Plaintiff is disabled. That is for the ALJ to determine on remand. Plaintiff argues that the ALJ's consideraton of Plaintiff's limited work history and daily activities are not a proper part of a credibility determination. The Court disagrees. Both are factors which may be considered, and the ALJ may make that a part of his analysis on remand.

ACCORDINGLY, the Commissioner's decision is reversed and this matter is remanded to the Commissioner for further proceedings consistent with this opinion. This is a "sentence four" remand within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

IT IS SO ORDERED this 25th day of September, 2012.

_____
UNITED STATES MAGISTRATE JUDGE